WILLIAM RANDLETTE and another *vs.* HENRY E. JUDKINS.

Sagadahoc.     Opinion February 13, 1885.

*Pleadings.    Railroad conductor.*

A declaration in an action of trespass or case for the taking of, or injury to personal property, which does not contain a description of the property taken or injured, is bad on demurrer.

A railroad conductor, who permits a passenger to travel on his train, taking with him stolen goods, known by the conductor to have been stolen, is not liable to an action by the owner of the goods, therefor.

ON EXCEPTIONS.

*J. W. Spaulding and F. J. Buker,* for the plaintiffs.

If the property stolen should have been set out with particularity then we ask to amend. Counsel cited: *Greenland* v. *Chaplin*, 5 Exch. 243; *Carew* v. *Rutherford*, 106 Mass. 10, 11; *Lake* v. *Milliken*, 62 Maine, 243 and cases; *Kay* v. *Penn. R. Co.* 65 Pa. St. 269; Shear. and Red. Neg. 10 *et seq.*; Burlamaqui on Law, 262; 1 Hil. Torts, 72; *Boston & W. R. R. Co.* v. *Dana*, 1 Gray, 83; *Riddle* v. *Proprietors, etc.* 7 Mass. 169; *Lincoln* v. *Hapgood*, 11 Mass. 350.

*Drummond and Drummond,* for the defendant, cited: Whart. Neg. § 24; *Bank* v. *Mott*, 17 Wend. 554; *Davidson* v. *Nichols*, 11 Allen, 514; *McDonald* v. *Snelling*, 14 Allen, 290; *Putnam* v. *Broadway R. R. Co.* 6 Am. Ry. Rep. 40; 4 Am. & Eng. R. R. Cas. 210; 4 W. & N. (Penn.) 552; *Moulton* v. *Sanford*, 51 Maine, 127; *Bigelow* v. *Reed*, 51 Maine, 325.

LIBBEY, J. The declaration in this case is clearly bad for want of a description of the property for the loss of which the

action is brought. In trespass or case for the loss of or injury to personal property, the thing taken or injured must be described with reasonable certainty. 1 Ch. Pl. 327 ; Oliver's Prec. 493, note. Here there is no description. The word "property," the only designation is the most general that can be used, and it embraces every thing susceptible of ownership. But this defect may be cured by amendment.

The great question to be determined is, the liability of the defendant, assuming the property to be sufficiently described. The averments in the declaration are, in substance, that the defendant, on the twenty-first day of January, 1883, was in the employ of the Maine Central Railroad Company as conductor of the night passenger train from Bangor to Portland ; that on the night of that day four men boarded said train, run by the defendant as conductor, at Richmond, taking and carrying with them on board said train a large amount of stolen property, of the value of five hundred dollars, which was the property of the plaintiffs ; that the defendant, knowing said property to be stolen, did wilfully, corruptly, negligently and unlawfully permit said men to ride on said train, and convey and escape with said property ; and that the defendant unlawfully took a portion of said stolen property in payment of their fares. It is not alleged that the four passengers had stolen the property, or that they were unlawfully in possession of it, or that the defendant knew that it was the property of the plaintiffs.

Assuming that the property consisted of chattels, the title to which would not pass by a delivery from a trespasser or thief to one taking for value without notice, does the declaration present a case of liability of the defendant?

If the defendant took a part of the chattels in payment of the fares of the passengers he is liable as a trespasser to that extent ; but that is a small matter. The main question is, whether the defendant is liable for permitting the four men to travel over the road with the property as their luggage, upon the facts averred in the declaration. If liable, upon what grounds does the liability rest? It is not claimed that there was a privity of contract between the plaintiffs and defendant, by reason of which the

defendant owed any duty to the plaintiffs. Did the defendant owe the plaintiffs any duty as conductor of the train or otherwise? If not he cannot be liable for a negligent performance or omission of it. "A legal duty is that which the law requires to be done or forborne, to a determinate person, or to the public." Wharton on Negligence, § 24. No such duty on the part of the defendant is averred, unless the law implies it from the facts alleged.

The defendant was conductor of the train. As such it was his duty to direct and control the running of the train, in accordance with the regulations prescribed by the corporation and the requirements of law. The railroad is a public highway, over which all members of the public, who are in a proper condition to travel in a public car, who pay the established fare, and conduct themselves properly, have a legal right to travel with their luggage. It is the legal duty of the conductor to permit all such persons to enter the cars and travel over the road. For sufficient cause he may stop the train and eject a traveller from the train. He owes no legal duty to the public to stop his train and eject a traveller who is guilty of a felony; or to arrest such traveller, and hold him as a prisoner, and seize the property he may have in his possession. As a citizen he may have the right, if he see fit, to arrest a traveller guilty of a felony, and hold him till he can be properly prosecuted; but not being an officer, charged with the duty, and having no legal warrant therefor, he is under no legal duty to do so, and thereby take upon himself the burden and hazard of justifying his act. Nor does he owe any duty to any members of the public to arrest a thief and seize and hold the stolen goods he may have in his possession; or to seize and hold for the owner, whoever he may be, goods which a traveller on the road may have taken and is carrying away as a trespasser. At most, under the plaintiffs' averments in this case, the four men were mere trespassers, carrying away the plaintiffs' property, the defendant having no authority from the plaintiffs to interfere with the property in any way. The defendant was not only under no legal duty to take the property, but he had no legal right to do so; for the possession of a trespasser is sufficient to give him the legal right to resist the taking by one having no

authority from the true owner. The fact that the defendant took a part of the property for the fares of the passengers created no duty on his part towards the plaintiffs. It makes him liable only for the portion taken.

We have discussed the question involved upon principle, there being no authorities, directly in point, cited by the learned counsel on either side; and it is said there are none. If so the inference is pretty strong that the common law will not sustain an action against a railroad conductor on the facts alleged in this case.

*Exceptions sustained. Demurrer sustained. Declaration bad.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.